## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID M. MILCH, Individually and as Custodian for JASON ADAM MILCH, and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE GOLDMAN SACHS GROUP, INC. and GOLDMAN, SACHS & CO.,<br><br>Defendants. | No. 08-CV-3659 JES<br><br>ECF Case |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DAVID M. MILCH FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

Proposed Lead Plaintiff David M. Milch ("Movant" hereinafter) respectfully submits this memorandum of points and authorities in support of his motion for appointment as Lead Plaintiff and for approval of Lead Plaintiff's selection of Co-Lead Counsel.

## I. FACTUAL BACKGROUND

This is a federal class action under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") on behalf of all persons or entities who purchased and continue to hold auction rate securities (also known as auction rate preferred stock, auction market preferred stock, variable rate preferred securities, money market preferred securities, periodic auction rate securities and auction rate bonds) offered for sale by defendants The Goldman Sachs Group, Inc. and Goldman, Sachs & Co. (collectively, "Goldman Sachs") between March 25, 2003 and February 13, 2008, inclusive (the "Class Period").

Defendants represented to investors that auction rate securities were equivalent to cash or money market funds; were highly liquid, safe investments for short-term investing; and were suitable for any investor with at least $25,000 of available cash and as little as one week in which to invest.

Defendants knew, but failed to disclose to investors, material facts about auction rate securities. In particular, defendants knew, but failed to disclose that these auction rate securities were not cash alternatives, but were instead, complex, long-term financial instruments with 30 year maturity dates, or longer. Defendants knew, but failed to disclose that auction rate securities were only liquid at the time of sale because defendants were artificially supporting and manipulating the auction market to maintain the appearance of liquidity and stability. Defendants knew, but failed to disclose that auction rate securities would become illiquid as soon as defendants stopped maintaining the auction market.

On February 13, 2008, 87% of all auctions of auction rate securities failed when defendants and all other major broker-dealers refused to continue to support the auctions. As a result of the withdrawal of support by all of the major broker-dealers, the market for auction rate securities collapsed, leaving the holders of more than $300 billion in auction rate securities with no means of liquidating investments which defendants offered and sold as a suitable alternative to money market funds and other short-term cash management vehicles.

## II.  PROCEDURAL HISTORY

Plaintiff David M. Milch commenced the above-captioned action on April 16, 2008, and on April 18, 2008 counsel for plaintiff published a notice of the pendency of plaintiff's case on *Prime Newswire,* a widely circulated national business-oriented wire service. *See* Declaration of Lionel Z. Glancy In Support of Motion of David M. Milch For Appointment As Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel (the "Glancy Declaration") at Exhibit A.

Movant brings the instant motion pursuant to his complaint and notice of pendency, and files this motion prior to expiration of the 60-day period from publication of the April 18, 2008 notice.

### ARGUMENT

#### A.  Movant Should Be Appointed Lead Plaintiff

Section 21D(a)(3)(B) of the PSLRA provides the procedure for selecting Lead Plaintiff in class actions brought under the Act.  The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  15 U.S.C. §78u-4(a)(3)(B).  The PSLRA

provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the person or group of persons that:

> (aa)  has either filed the complaint or made a motion in response to a notice. . . ;
>
> (bb)  in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 44 (S.D.N.Y. 1998); s*ee also Wenderhold v. Cylink Corp.*, 188 F.R.D. 577, 584 (N.D. Cal. 1999).

As set forth below, David M. Milch satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate Lead Plaintiff for the Class.

### 1. Movant Filed The Complaint

On April 18, 2008, counsel for plaintiff David M. Milch, Movant herein, published a notice of the pendency of plaintiff's case pursuant to §21D(a)(3)(A)(I) of the PSLRA, announcing that a securities class action had been filed against defendants herein, and advising purchasers of defendants' auction rate securities that they had until June 17, 2008, to file a motion to be appointed as Lead Plaintiff.  Glancy Declaration, Exhibit A.  Movant files the instant motion pursuant to his complaint and published notice and submits herewith his sworn certification attesting that he is willing to serve as representative of the Class and willing to provide testimony at deposition and trial, if necessary.  *See* Glancy Declaration, Exhibit B. Movant therefore satisfies the requirement of either filing a complaint or making a motion in response to a published notice.

## 2.   Movant Has The Largest Financial Interest In This Action

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. §78u-4(a)(3)(B)(iii); *see Sofran v. LaBranche & Co., Inc.*, 220 F.R.D. 398, 401-402 (S.D.N.Y. 2004); *Naiditch v. Applied Micro Circuits*, 2001 WL 1659115, at *2 (S.D. Cal. Nov. 5, 2001).  Moreover, courts have recognized that "one goal of the PSLRA is to have the plaintiff class, represented by a member with a substantial financial interest in the recovery as incentive, monitor the litigation to prevent its being "lawyer-driven." *In re Enron Corp. Securities Litigation* 206 F.R.D. 427, 438 (S.D. Tex. 2002).

Movant has a substantial financial interest in this case. Between January 17, 2008 and February 4, 2008 – approximately one week before defendants and the other broker-dealers withdrew their support from the auction market – Movant purchased an aggregate total of $1.2 million worth of auction rate securities from defendants.  Prior to Movant's purchases, defendants had not disclosed the risks associated with those auction rate securities to Movant, who continued to hold all of those securities at the close of the Class Period on February 13, 2008. *See* Glancy Declaration, Exhibit B. At the end of the Class Period the auction market for auction rate securities collapsed, causing all of Movant's auction rate securities to become illiquid, and precluding Movant from selling his auction rate securities on the auction market.

Because defendants sold auction rate securities as highly liquid cash equivalents, and these securities are now illiquid, Movant's financial interest can be measured by the aggregate total of his auction-rate securities investment –  $1,200,000 – which is also the amount of his auction-rate securities investment that has not been redeemed and remains illiquid. Accordingly,  Movant's financial interest in this litigation is  $1,200,000 – the value of his now-

illiquid auction rate securities purchased from defendants during the Class Period.  To the best of his knowledge, Movant believes that he has the largest known financial interest in this case of any lead plaintiff movant, and thus satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the Class.

### 3.     Movant Satisfies The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a Lead Plaintiff movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification.  A *prima facie* showing that a PSLRA movant satisfies the requirements of Rule 23 is sufficient.  *See Aronson,* 79 F. Supp. 2d at 1158.  Courts thus limit their inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until class certification. *Enron,* 206 F.R.D. at 441; *In re Oxford,* 182 F.R.D. at 49 ("[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA.")(*citing Gluck v. Cellstar Corp.,* 976 F. Supp. 542, 546 (N.D.

Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *see also In re Olsten Corp. Sec. Litig.,* 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998).

### a.    Movant's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Enron,* 206 F.R.D. at 441; *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479-80 (5th Cir. 2001). Rule 23 does not require the Lead Plaintiff to be identically situated with all class members. *Ferrari v. Impath, Inc.*, 2004 WL 1637053, at *5 (S.D.N.Y. July 20, 2004). It is enough that the Lead Plaintiff's situation shares a common issue of law or fact. *See Berger*, 257 F.3d at 480. Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, purchased auction rate securities from Goldman Sachs during the Class Period as a result of defendants' false and misleading statements concerning the liquidity and risk characteristics of auction rate securities and the auction market. Movant, like all of the members of the Class, held these auction rate securities on the date that Goldman Sachs all other broker-dealers withdrew their support for the auction market, and consequently Movant is unable to sell his auction rate securities at par value. Therefore, the interests of Movant are closely aligned with other Class members' and they are, therefore, typical of the other members of the Class.

### b.    Movant Is An Adequate Representative

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party "will fairly and adequately protect the interests in the class." Accordingly:

> [R]epresentation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it unlikely that the action is collusive.

*Takeda,* 67 F. Supp. 2d at 1133 (citing *In re Northern Dist of Cal., Dalkon Shield IUD Prod. Lab. Litig.,* 693 F.2d 847, 855 (9th Cir. 1982)). The class representative must also have "sufficient interest in the outcome to ensure vigorous advocacy." *In re Olsten Corp.*, 3 F.Supp.2d at 296 (citing *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992); *Takeda,* 67 F. Supp. 2d at 1137 (citing *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. III 1986). Movant has demonstrated his adequacy as Lead Plaintiff by evincing a strong desire to prosecute this action on behalf of the Class, and has shown that he is " 'willing' and 'able' to 'take an active role in and control the litigation and to protect the interests of absentees.' " *Berger,* 257 F.3d at 479.

Movant herein has communicated with counsel concerning this case and has made this motion to be appointed Lead Plaintiff. Movant also believes that he has the largest financial interest of any lead plaintiff movant in this litigation and is, therefore, extremely motivated to pursue the claims in this action. *See* Glancy Declaration, Exhibit B.

### 4. Movant Is Presumptively The Most Adequate Lead Plaintiff

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa)    will not fairly and adequately protect the interest of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78 u-4(a)(3)(b)(iii)(I).

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore, subject to rebuttal. Movant has a substantial financial interest in this litigation – $1,200,000 – and believes that he has the largest known financial interest in this case of any lead plaintiff movant. The ability of Movant to fairly and adequately represent the Class is discussed above. Movant is not aware of any unique defenses defendants could raise against him that would render Movant inadequate to represent the Class. Accordingly, David M. Milch is presumptively the most-adequate Lead Plaintiff, and should be appointed Lead Plaintiff for the Class.

### B.   The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject only to approval of the Court. *See* §21D(a)(3)(B)(v) of the Exchange Act. Thus, the Court should not disturb the Lead Plaintiff's choice of counsel unless "necessary to protect the interest of the plaintiff class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cavanaugh* 306 F.3d 726, 733 (9th Cir. 2002). In the present case, Movant has retained Glancy Binkow & Goldberg LLP to pursue this litigation on his behalf, and will retain this firm as Plaintiff's Lead Counsel, in the event Movant is appointed Lead Plaintiff. Glancy Binkow & Goldberg LLP possesses extensive experience in the area of securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm resumé attached to the Glancy Declaration as Exhibit C. Thus, the Court may be assured that, by granting Movant's motion, the Class will receive the highest caliber of legal representation.

### IV.   CONCLUSION

For the foregoing reasons, Movant respectfully asks the Court to grant his motion and enter an Order (a) appointing David M. Milch as Lead Plaintiff, and (b) approving his choice of

Glancy Binkow & Goldberg LLP as Lead Counsel for the Class, and granting such other relief as the Court may deem just and proper.

                                           Respectfully submitted,

DATED: June 17, 2008        **GLANCY BINKOW & GOLDBERG LLP**

                                     By:    s/ ***Robert M. Zabb***
                                           Lionel Z. Glancy
                                           Robert M. Zabb (RZ-0625)
                              1801 Avenue of the Stars, Suite 311
                              Los Angeles, California 90067
                              Telephone: (310) 201-9150
                              Facsimile: (310) 201-9160

                              *Proposed Lead Counsel*

                              **TOPTANI LAW OFFICES**
                              Edward Toptani
                              127 E. 59th St., Third Floor
                              New York, New York 10022
                              Telephone: (212) 699-8930
                              Facsimile: (212) 699-8939

                              *Attorneys for Plaintiff*